UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,      Crim. No. 04-80318

vs.              Hon. Gerald E. Rosen

REGINALD ELVINE,

       Defendant.
_____/

OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO DISMISS INDICTMENT FOR
<u>VIOLATION OF SPEEDY TRIAL ACT</u>

  At a session of said Court, held in
  the U.S. Courthouse, Detroit, Michigan
  on   <u>May 10, 2005</u>

  PRESENT: Honorable Gerald E. Rosen
         United States District Judge

I.  <u>INTRODUCTION</u>

  The above-captioned matter is presently before the Court on Defendant Reginald Elvine's March 23, 2005 Motion to Dismiss Indictment for Violation of Speedy Trial Act. The Government has responded to Defendant's Motion, to which Response Defendant has replied. Having reviewed and considered the parties' arguments, the Court has determined that oral argument is not necessary. Therefore, pursuant to Local Rule 7.1(e)(2), this matter will be decided on the briefs. This Opinion and Order sets

1

forth the Court's ruling.

## II. PERTINENT FACTS

On April 8, 2004, the Grand Jury returned an four-count indictment charging Defendant Reginald Elvine with intent to distribute cocaine base, possession with intent to distribute marijuana, possession of a firearm in furtherance of a drug trafficking crime, and felon-in-possession of a firearm. The charges against Defendant Elvine arise out of events which occurred in the early morning hours of September 23, 2003 in the vicinity of 4267 Richton Street in the City of Detroit. On July 6, 2004, Defendant filed a Motion to suppress all evidence seized from him on September 23, 2003.

The Court conducted a two-day evidentiary hearing on this matter on September 22, 2004[1] and November 24, 2004, at which hearing the Court heard the testimony of Detroit Police Officers John Burris, David Kline, Scott Shea and Kristopher Richardson; Cartrell Williams and Dartrell Williams, former tenants of one of the flats at 4267 Richton; Pamela Marshall, a neighbor of Dartrell and Cartrell Williams; and Mark Radtke, a property inspector with Gem Maintenance. The Court also received into evidence a number of exhibits.

At the close of the hearing, the Court directed the Government to attempt to locate two additional witnesses, Junie Weeks and Mandel Milner, who allegedly also were

---

[1] The Court had scheduled this motion for hearing three weeks earlier, but pursuant to the stipulation of the parties, the originally scheduled hearing date was adjourned to enable the parties to pursue a possible plea and to allow them additional time to prepare for the hearing.

residing at 4267 Richton on September 23, 2003, and bring them in to testify. The Court subsequently also requested additional evidence from defense counsel, to-wit, the negatives of pictures of the Richton Street residence allegedly taken by Dartrell Williams on September 24, 2003.

The Government partially responded to the Court's request for additional evidence by letter dated December 8, 2004, indicating that it had not had success in locating Junie Weeks. The December 8, 2004 letter, however, did not discuss whether the Government had located Mandrel Milner or what attempts it had made to do so.

Then, in February 2005, pursuant to the Court's request, defense counsel provided the Court with the negatives of the pictures taken by Dartrell Williams. Defense counsel also indicated to the Court at that time that he also was attempting to locate Junie Weeks and would advise the Court if he was successful in locating him. To date, the Court has not heard from Defendant regarding Mr. Weeks. Instead, on March 23, 2005, Defendant filed the instant Motion to Dismiss for Violation of Speedy Trial Act.

### III.  DISCUSSION

18 U.S.C. § 3161(c)(1) provides that the trial of a defendant charged in an indictment shall commence within 70 days from the date that the defendant appeared before a judicial officer. Subsection (h) of § 3161, however, provides that certain periods of delay are excluded from the computation of time within which the trial must commence. Subsection (h)(1)(F) provides that delay resulting from the filing of a pre-

trial motion to the conclusion of the hearing is excluded from the time in which a trial must commence. Subsection (h)(1)J) further excludes "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court."

The speedy trial clock, however, is tolled until the Court has before it all of the materials it needs to rule on a motion. *See Henderson v. United States*, 476 U.S. 321, 331 (1986) (concluding that § 3161(h)(1)(F) implicitly excludes time after a hearing needed to allow the trial court to assemble all materials reasonably necessary to dispose of the motion); *United States v. Mentz*, 840 F.2d 315, 327 (6th Cir. 1988) (motion is not "actually under advisement" until "the court receives all the papers it reasonably expects. . . ."); *United States v. Davenport*, 935 F.2d 1223, 1228 (11th Cir. 1991) (motion is not "under advisement" until court has before it all necessary materials to decide the issues presented); *United States. v. Johnson*, 29 F.3d 940 (5th Cir. 1994) . *See also, United States v. Robertson*, 260 F.3d 500, 503-504 (6th Cir. 2001) (district courts should exclude from speedy trial calculation all of the days during which it is waiting to receive information necessary to decide a pending pre-trial motion.)

Defendant's Motion to Dismiss here is predicated upon his misconception that his motion to suppress was under advisement as of December 8, 2004, the date of the Government's letter advising the Court that it had not been successful in its attempt to locate Junie Weeks. Defendant ignores the fact that additional information was requested both from the Government (i.e., the location of Mandrel Milner) and from Defendant

4

himself (the production of the negatives for Dartrell Milner's pictures). Defendant further ignores that the Court requested his assistance in locating Junie Weeks and that his counsel advised the Court in February 2005 that he was still trying to find Mr. Weeks.

Furthermore, the Court notes that the transcript of the continued November 24, 2004 hearing has not yet been completed. Given that the Government's and Defendant's witnesses gave markedly different accounts of the events of September 23, 2003, as the Court indicated at the close of the November 24, 2004 hearing, it is imperative that the Court have the full transcript of the suppression hearing in order to fairly and justly decide the suppression motion.

Defendant here was arraigned on the Indictment on June 15, 2004. His motion to suppress was filed 21 days later on July 6, 2004. As the foregoing discussion demonstrates, the filing of the suppression motion stopped the running of speedy trial clock and that clock has not yet been restarted because the Court does not yet have all of the materials it needs to decide the matter. As such, Defendant's motion to suppress is not yet "under advisement."

## CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss Indictment for Violation of Speedy Trial Act is DENIED.


                        s/Gerald E. Rosen
                        Gerald E. Rosen
                        United States District Judge

Dated: May 10, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 10, 2005, by electronic and/or ordinary mail.

                        s/LaShawn R. Saulsberry
                        Case Manager